The indictment charges that the defendant at, etc., "willfully and unlawfully did burn and destroy twenty bales of cotton, the property of the Dunevant Cotton Manufacturing Company, which said cotton being then and there secured on a car, the property of the Richmond and Danville Railroad Company, against the form of the statute," etc. The defendant pleaded not guilty. On the trial it was in evidence that the defendant and two other small boys were playing in a box-car loaded with cotton, standing on a railroad at the depot at Morganton; that the defendant lighted a candle and fastened it in the floor and near the cotton, when one of the boys was about to put it out, and he prevented him, saying he would watch it. The cotton was soon on fire and it and the car were burned and destroyed. There was also evidence of threats made by the defendant that he would get even with the railroad company, if he had to burn the depot, for cutting off his leg, etc.
The defendant requested the court to instruct the jury "that unless the cotton was out of doors, the defendant cannot be convicted, and the cotton not being out of doors he cannot be convicted."
There was a verdict of guilty, and the defendant moved in arrest of judgment upon the ground that it appears by the indictment that the cotton charged to have been burned was cotton in bales (799) secured in a car, and the statute alleged to have been violated has no application; that it applies only to cases where cotton and other things therein specified burned or destroyed, are "out of doors;" that is, in the field, etc., The court denied the motion and entered judgment against the defendant, and he excepted and appealed.
The statute (Code, sec. 985, p. 5) as amended by the subsequent statute (Laws 1885, ch. 42) provides that "any person who shall wilfully burn or destroy any other *Page 576 
person's corn, cotton, wheat, barley, rye, oats, buckwheat, rice, tobacco, hay, straw, fodder, shucks or other provender in a stack, hill or pen, or secured in any other way, out of doors, grass or sedge standing on the land, shall be guilty of a misdemeanor," etc. In our judgment, the statute plainly refers to and embraces only cotton and the other things specified therein, not within doors — not housed and thus secured, as in a barn, gin-house or the like. It refers to cotton and the other things secured in any other way "out of doors" in the field — "on the land" — the farm where they were produced, or some other land, so as in some way secured without doors — without the barn, gin-house or other like inclosure. The words "in a stack, hill or pen," "out of doors," "the grass or sedge standing on the land," applied to the several things specified in their connection, are apt and appropriate to refer to and imply such things so situate and secured "out of doors." The purpose is to protect such things so exposed and imperfectly secured "out of doors" in the fields, on the farm, "the land," of the person who owns or has control of them. In any reasonable view of their meaning, (800) application and connection, they cannot refer to and embrace cotton stored in a railroad car standing on a railroad track at a depot, whether to be thus and there secured temporarily or shipped to some other place. Cotton and the other things specified secured in a car on the railroad are not secured in some other way out of doors on the land, in the sense of the statute. When thus secured on the car they have been taken from the place — the land — where they were securd [secured] "out of doors" and are on the way to market to be used, or on the way to be again housed or secured in a stack, hill or pen, or in some other way "out of doors." The burning or destruction of such things on a car does not come within the mischief to be remedied by the statute — the burning or destruction of them when they are ordinarily secured out of doors.
The indictment should appropriately in the proper connections, charge that the cotton or other thing burned or destroyed was in a stack, or as otherwise in a way described secured "out of doors." In this case it fails as to matter of substances to charge the offense defined by the statute. It does not charge, in substance or effect, that the cotton in some way described was secured "out of doors" — it simply charges the burning on the railroad in a railroad car. For the reasons stated this is not sufficient.
It seems that the Legislature supposed and intended that the statute (Code, sec. 985, pp. 6, 7), in respect to burning barns, gin-houses and other buildings, would be sufficient to protect grain, cotton and the like stored in them indoors on the land. This appears to be a case in which the defendant might appropriately have been indicted for malicious *Page 577 
injury to personal property as defined by the statute (Code, sec. 1082), but in no view of the present indictment will it suffice to charge that offense.