STATE v. ZEB. HUSKINS.

(Decided April 17, 1900.)

*Burning Stacks of Oats, Straw and Fodder—The Code, Section 985 (5)—Motion in Arrest of Judgment.*

A motion in arrest of judgment, because the indictment did not conform to the statute under which it was brought, by averring that the stacks burned were "out of doors," Code, sec. 985 (5) was properly overruled.

INDICTMENT for burning eight stacks of oats, three stacks of straw and three stacks of fodder, tried before *Allen, J.,* at Fall Term, 1899, of MITCHELL Superior Court. After conviction the defendant moved in arrest of judgment because the indictment did not allege that the stacks were *"out of doors"*—pursuant to the statute upon which the indictment was founded (Code, sec. 985 (5). His Honor overruled the motion, and rendered judgment, from which the defendant appealed.

The statute is quoted in the opinion.

*Mr. S. J. Ervin,* for appellant.
*Mr. Attorney-General,* for State.

FURCHES, J.   This is an indictment for burning eight stacks of oats, three stacks of straw and three stacks of fodder, the property of one Chapman.   The defendant was indicted under sec. 985 (5), of The Code, and upon conviction moved in arrest of judgment.

The grounds upon which this motion was made are not stated in the record, but, upon the argument in this Court, it was put upon the ground that indictment failed to state that

STATE *v.* HUSKINS.

the property destroyed was "out of doors." The statute provides that when "any person who shall wilfully burn or destroy any other person's corn, cotton, wheat, barley, rye, *oats,* buckwheat, rice, tobacco, hay, *straw, fodder,* shucks, or other provender, *in stacks,* hills, rick or pen, or secured in any other way, out of doors, shall be guilty of a misdemeanor," etc.

It seems to us that by the exercise of common sense, applied to experience and observation, we are taught that such things as oats, straw and fodder are not stacked in doors. They are often stored away in barns and other houses, but not stacked in them—stacking of such crops as these is generally for the want of room to store them in doors. But if it be contended that the eight stacks of oats, three stacks of straw and the three stacks of fodder were stacked "in doors" it would not have been proper to charge them as being "out of doors," and the defendant's motion to quash would have been groundless. We introduce this argument to show, as we think, the fallacy of the defendant's motion, and not because we have any idea that they were stacked "in doors."

But the statute makes it a misdemeanor to burn the stacks of another person, whether in doors or "out of doors," as we think, or to burn any of these crops secured in any other way "out of doors." It seems to us that the Legislature, knowing something of the way farmers take care of such crops as oats, straw and fodder, took it for granted, if they were stacked, the stacks would be out of doors. But as they might be secured in other ways than by stacking, the legislature provided that if this is done "by other means out of doors" (than by stacking) that burning them thus secured shall be a misdemeanor.

But the burning of such stacks is made a misdemeanor, a complete offense, whether in doors, or "out of doors." They are specifically named.

It is something like murder in the first degree under the statute of 1893 : That where the killing is committed in any of the specified ways, as by poisoning, etc., it is not necessary to prove deliberation or premeditation. This is only necessary to be shown where the killing has been done in some other way than those specially named. So here, the burning of the stacks of oats, straw and fodder is a complete offense without showing anything more. But if the oats, straw and fodder are secured in some other way than in stacks "out of doors," then it is the same offense to burn them that it would have been if they had been stacked.

The defendant cited and relied on *State v. Avery*, 109 N. C., 798. And while that is an indictment under the same statute for burning cotton in bales in a railroad car, and some of the arguments used in discussing that case are the same as those used by defendant's counsel in arguing this case, still, we do not think the opinion in that case controls the argument in this. We think it was not necessary to state that the oat stacks, the straw stacks and the fodder stacks were "out of doors." And as this was the only question involved in the appeal, the judgment must be

Affirmed.